**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: PELI POPOVICH HUNT,<br><br>          Debtor.<br>_____<br><br>PELI POPOVICH HUNT, an individual and Trustee of Robert and Peli Hunt Living Trust; et al.,<br><br>          Appellants,<br><br>   v.<br><br>ELISSA D. MILLER, Chapter 7 Trustee; et al.,<br><br>          Appellees. | No.   19-56250<br><br>D.C. No. 2:19-cv-01610-AB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

---

          [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 7 debtor Peli Popovich Hunt and Carmen Popovich, Gaston Popovich, and Miguel Popovich appeal pro se from the district court's judgment affirming the bankruptcy court's order approving a compromise. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standards of review applied by the district court. *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 879 (9th Cir. 2012). We affirm.

The bankruptcy court did not abuse its discretion in approving the chapter 7 trustee's motion for an order authorizing and approving the stipulation and compromise to resolve cross-estate claims held by the bankruptcy estates of Peli Popovich Hunt and Robert W. Hunt, M.D., a medical corporation, because the compromise was fair, reasonable, and adequate. *See Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986) (approval of a compromise is not an abuse of discretion where the record contains a factual foundation establishing that the compromise was fair, reasonable, and adequate); *United States v. Alaska Nat'l Bank of the N. (In re Walsh Const., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) ("Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion.").

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**